Filed 2/19/21  Efishoff v. Kirkpatrick CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| JILLIAN EFISHOFF,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KYLIE KIRKPATRICK,<br><br>        Defendant and Appellant. | A160667<br><br>(Napa County Super.<br> Ct. No. 19CV001692) |

Appellant Kylie Kirkpatrick (Appellant) appeals from the trial court's August 2020 renewal of a civil harassment restraining order protecting respondent Jillian Efishoff (Respondent).  Respondent obtained the original restraining order in January 2020 and sought a five-year extension under Code of Civil Procedure section 527.6, subdivision (j).[1]  The court extended the order until July 2021.

The record on appeal is incomplete; most significantly, it does not contain Respondent's original application for a restraining order.  Based on the limited record before this court, it appears Appellant and Respondent became embroiled in conflict with some connection to an elementary school in Napa County.  Appellant's opening brief on appeal includes various

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

1

assertions regarding the underlying factual dispute, but those assertions are not supported by citations to the record.[2]  In any event, the details of the underlying events are not important to resolution of Appellant's claims.

On appeal, Appellant contends the court commissioner who considered the renewal application "erred by not allowing [her] to have this matter heard in front of a judge instead of the Commissioner."  "The California Constitution provides that parties litigating a cause may stipulate that the matter may be heard and decided by a temporary judge.  (Cal. Const., art. VI, § 21.)  Our Supreme Court has interpreted this to mean that a stipulation is required to qualify a commissioner to act and that without such a stipulation, any ruling by or judgment of the commissioner is void.  [Citation.]  To be valid, the stipulation need not be in writing or be the result of an express oral statement [citation], but it may be implied as a result of the *conduct* of a party and/or his/her counsel under the 'tantamount stipulation doctrine' [citation]."  (*In re Marriage of Djulus* (2017) 10 Cal.App.5th 1042, 1044.)  In the present case, the minute order for the August 2020 hearing on Respondent's renewal request states, "The Commissioner advises the parties that she is acting as a temporary Judge . . . unless there is an objection. There being no objection, the Court proceeds with the hearing at this time." Appellant asserts she "asked for a judge to hear the case," but she cites to nothing in the record supporting that assertion and she has not provided this court with a transcript of the hearing.  Thus, Appellant has not shown it was improper for the commissioner to rule on Respondent's request for renewal of the restraining order.  (*Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46 (*Rancho Santa Fe*) ["The party seeking to challenge an

---

[2] Respondent did not file a brief on appeal.

order on appeal has the burden to provide an adequate record to assess error. [Citation.] Where the party fails to furnish an adequate record of the challenged proceedings, [their] claim on appeal must be resolved against [them.]"].)

Appellant also contends the commissioner erred in failing to recuse herself under section 170.1 ("Grounds for disqualification"). The only ground for disqualification proffered by Appellant is her assertion that the commissioner "could not have been impartial given her recent ruling against Appellant" in a separate proceeding arising out of the same underlying events, in which Appellant sought a restraining order. " 'Impartiality' entails the 'absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind.' [Citation.] In the context of judicial recusal, '[p]otential bias and prejudice must clearly be established by an objective standard.' " (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 389; accord *Wechsler v. Superior Court* (2014) 224 Cal.App.4th 384, 391.) Appellant provides no reasoned argument why the circumstance that the commissioner denied Appellant a restraining order in a separate proceeding would cause a "reasonable member of the public" to "fairly entertain doubts that the judge is impartial." (*Wechsler*, at p. 391.) Appellant has not shown error.

Finally, Appellant contends renewal of the restraining order was not supported by evidence "that Appellant had harassed, stalked, threatened, or abused" Respondent or that there was a " 'reasonable probability' " (*Cooper v. Bettinger* (2015) 242 Cal.App.4th 77, 90) of future harassment. Section 527.6, subdivision (j)(1) provides, in relevant part, that a restraining order "may be renewed, upon the request of a party, for a duration not more than five additional years, without a showing of any further harassment since the

3

issuance of the original order . . . ." In the present appeal, as noted previously, Appellant has not provided this court with the evidence presented by Respondent to obtain the original restraining order. Because that evidence alone may support renewal of the order (*ibid.*, see also *Cooper*, at pp. 90–91), Appellant's claim on appeal fails—she has not provided this court "an adequate record to assess error." (*Rancho Santa Fe*, *supra*, 115 Cal.App.4th at p. 46.)[3]

## DISPOSITION

The trial court's order is affirmed. Costs on appeal are awarded to Respondent.

---

[3] We also observe that Appellant fails to acknowledge the evidence of continued harassment in Respondent's declaration in support of the renewal request. Among other things, Respondent averred that, as she was exiting her parked car on February 12, 2020, Appellant drove past her "and accelerated just as she passed where I was standing. She drove close enough I could have touched [Appellant's] vehicle if I reached out my arm."

_____
SIMONS, Acting P.J.

We concur.

_____
BURNS, J.

_____
SELIGMAN, J.*

(A160667)

---

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.